UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 24-CR-450 (RDM) |
| v. | : | |
| | : | |
| BOBBY SHUMAKE JAPHIA | : | |
| | : | |
| Defendant. | : | |

**JOINT STATUS REPORT**

The United States of America, by and through its undersigned counsel, and Robert Feitel, counsel for defendant Bobby Japhia, hereby submit the following Joint Status Report:

1. On October 8, 2024, a grand jury in the District of Columbia returned an Indictment charging the defendant with one count of securities fraud in violation of 15 U.S.C. § 78j(b) and one count of obstruction in violation of 18 U.S.C. § 1512(c)(1) in connection with a scheme to defraud investors in Minerco, Inc.

2. The defendant's first appearance and arraignment occurred before Magistrate Judge Upadhyaya on October 17, 2024.

3. On October 28, 2024, the parties appeared before this Court for a status conference. The Court excluded time under the Speedy Trial Act between October 28, 2024 and December 4, 2024.  On December 3, 2024, upon consideration of the parties' joint status report, the Court excluded time under the Speedy Trial Act until January 23, 2025 and ordered that the parties submit a joint status report on or before January 23, 2025.  Most recently, on January 22, 2024, upon consideration of the parties' joint status report, the Court excluded time under the Speedy

Trial Act until February 26, 2025 and ordered that the parties submit a joint status report on or before February 26, 2025.

4.  Pursuant to the Protective Order entered by the Court on October 25, 2024, the government has produced voluminous discovery to defendant, including multiple email search warrant returns, financial records, search warrant affidavits, reports of interviews, a copy of the iPhone obtained from the defendant when he was arrested, the contents of three cell phones obtained from the defendant's alleged co-schemer, Julius Jenge, and other materials.  The government has produced these materials in a searchable, load-ready format, with a detailed index summarizing the produced materials.  The government has also identified certain 'key' documents to the defense, to aid the defense in its review of discovery.

5.  In connection with this joint status report, the parties jointly request a Status Hearing to schedule a jury trial and to set a pretrial briefing schedule.  The parties request a late-May 2026 trial, subject to the Court's availability.  The government anticipates approximately 2-3 weeks, at most, for its case-in-chief.  The defense requests approximately 4 trial days for a potential defense case.  Counsel for the Defendant requests that any status hearing be scheduled on March 17, 18, 27, or 28th, 2025 due to scheduled travel and other commitments

6.  The government also requests that at the same hearing, the Court address the Defendant's compliance with his pretrial conditions of release.  As part of his release conditions, the Defendant is "[p]rohibited from using [a] fake identity or alias other than the defendant's legal name 'Bobby Shumake Japhia', or [']Bobby Japhia[.]'"  Dkt. 11 at 3.  Nonetheless, the Defendant continues to identify himself using the name "Shaman Shu" on several websites, social media, and in a press release issued after the defendant's conditions of release were imposed.  *See* Ex. A.  The government brought this issue to defense counsel's attention, and on December 15,

2024, defense counsel advised the government that the Defendant would resolve his use of the alias. In connection with the preparation of this joint status report, defense counsel advised the government that the Defendant would resolve this issue shortly. To date, however, the government does not believe that the Defendant is compliant with his conditions of release regarding the use of aliases. The government requests that the Court order that the Defendant comply and admonish him regarding the consequences of non-compliance with his conditions of release.

7. The parties agree that it is in the interest of justice to toll the Speedy Trial Act from February 26, 2025 until the date of the next hearing, to be determined by the Court. This additional period is necessary to allow the defense to review discovery, and to allow the parties to discuss a potential pre-trial disposition of this matter. The parties thus request a tolling of the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) from February 26, 2025 through the date of the next hearing, as scheduled by the Court.

Respectfully submitted,

GLENN S. LEON
Chief, Fraud Section
Criminal Division

By:   /s/ Kyle Crawford
      Kyle Crawford (D.C. 888241455)
      Trial Attorneys
      Fraud Section, Criminal Division
      United States Department of Justice
      1400 New York Ave. N.W.
      Washington, DC 20005
      202-794-4010
      kyle.crawford@usdoj.gov

*Attorney for the United States*

>  */s/ Robert Feitel*
> Robert Feitel, Esquire
> Law Office of Robert Feitel
> 1300 Pennsylvania Avenue, N.W. #190-515
> Washington, D.C. 20008
> D.C. Bar No. 366673
> 202-450-6133 (office)
> 202-255-6637 (cellular)
> RF@RFeitelLaw.com
> *Attorney Bobby Japhia*